UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE EARL JONES, III,

Plaintiff,

v.

TEAUNA MIRANDA, et al.,

Defendants.

No.   2:25-cv-2998 CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to elect to proceed on his Eighth Amendment claims against defendants Long Hang and Jorge Estupinan, or plaintiff may elect to amend his complaint as discussed below.

I.      SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.    PLAINTIFF'S COMPLAINT

Plaintiff alleges that on May 21, 2025, defendant Long Hang smashed plaintiff's hand and forearm in the food port slot while plaintiff was seeking medical care for his asthma attack.  (ECF No. 1 at 3.)  As a result, plaintiff suffered shortness of breath requiring his cellmate to perform CPR, and the injuries plaintiff sustained from the food port injury went untreated.  (Id.)  Plaintiff alleges defendant Long Hang used excessive force and was deliberately indifferent to plaintiff's

3

serious medical needs by denying plaintiff medical care.  (Id.)

That same day, plaintiff alleges in claim two that defendant Sgt. Jorge Estupinan "stole" plaintiff's keep on person medications when plaintiff was placed in restrictive housing, exhibiting deliberate indifference to plaintiff's serious medical needs resulting in multiple asthma attacks, and other issues.  Plaintiff also alleges he was denied access to his tablet.  (Id. at 4.)  Plaintiff adds that both items "went missing or [were] stolen."  (Id.)

In his third claim, plaintiff alleges that on May 21, 2025, defendant Teauna Miranda, Warden of Mule Creek State Prison ("MCSP"), failed to provide radios to inmates housed in the restricted and segregated housing unit to serve inmate mental health.  (Id. at 5.)  Plaintiff claims he never received any radio accommodation, despite asking for a radio every day, and witnessed other inmates getting radios instantly upon being housed in the restrictive housing unit.  Plaintiff marked the box "retaliation," and claims this deprivation caused him mental anguish and was cruel and unusual punishment.  (Id.)

IV.    DISCUSSION

Plaintiff's complaint states cognizable Eighth Amendment claims against defendants Long Hang and Jorge Estupinan, based on his excessive force allegation against defendant Long Hang, and plaintiff's deliberate indifference to his serious medical needs claims against defendants Long Hang and Jorge Estupinan.

Plaintiff claims his tablet "went missing" or was "stolen," and that he was "deliberately denied tablet access."  (Id. at 4.)  These contradictory allegations are insufficient to state a cognizable civil rights claim.  If the tablet "went missing," it does not appear plaintiff can identify a party responsible for the deprivation.  Nevertheless, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations,

4

or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. To the extent plaintiff contends a defendant intentionally took his tablet, such claim is legally frivolous and must be dismissed. See 28 U.S.C. § 1915(e)(2). Further, "there is no constitutional right to research cases via electronic means and the inability to research via a tablet does not create an access to court Constitutional violation." Cunningham v. Barragas, 2024 WL 3014094, at *5 (E.D. Cal. June 12, 2024), report and recommendation adopted, 2024 WL 3363167 (E.D. Cal. July 10, 2024).

As to his third claim, plaintiff's allegations as to defendant Teauna Miranda fail to state a cognizable claim. First, plaintiff fails to identify any personal involvement on the part of the warden. Rather, plaintiff's allegations are based on defendant Teauna Miranda's supervisory role. Second, plaintiff claims other inmates were provided with radios, which suggests someone working in the restricted housing unit was deciding who would be issued a radio. Third, although plaintiff alleges "retaliation," he identifies no First Amendment protected conduct that purportedly caused the deprivation.[1] Finally, plaintiff's claims concerning the deprivation of a radio are not related to the medical care issues he experienced on May 21, 2026, that involved defendants Long Hang and Jorge Estupinan. Rule 21 of the Federal Rules of Civil Procedure provides:

Misjoinder of parties is not a ground for dismissing an action. On

---

[1] "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

> motion or on its own, the court may at any time, on just terms, add
> or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").  If unrelated claims are improperly joined, the court may dismiss them without prejudice.  Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).  Because plaintiff's medical care claims are not related to the deprivation of a radio needed for plaintiff's mental health care must be brought in a separate civil rights action.

V.    PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants Long Hang and Jorge Estupinan and pursue his potentially cognizable Eighth Amendment claims against only those defendants, or he may delay serving any defendant and attempt to state a cognizable claim against defendant Teauna Miranda, provided the claim is related to plaintiff's Eighth Amendment claims against defendants Long Hang and Jorge Estupinan.  If plaintiff elects to proceed forthwith against defendants Long Hang and Jorge Estupinan, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days plaintiff must so elect on the attached form.  In this event the Court will construe plaintiff's election as consent to dismissal of the potential claims against defendant Teauna Miranda without prejudice.  Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state a cognizable and related claim against defendant Teauna Miranda.  If plaintiff elects to attempt to amend his

6

complaint to state a cognizable claim against defendant Teauna Miranda, plaintiff has thirty days to amend.  Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff may properly assert multiple claims against a single defendant.  Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated claims against different defendants must be pursued in separate lawsuits.  See George, 507 F.3d at 607.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

> Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.  Plaintiff  is not granted leave to add new claims or new defendants.

VI.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Claims against defendant Teauna Miranda are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendant Teauna Miranda provided they are related to plaintiff's claims against defendants Long Hang and Jorge Estupinan.  Plaintiff is not obligated to amend his complaint.

4.  The allegations in the complaint are sufficient to state potentially cognizable Eighth Amendment claims against defendants Long Hang and Jorge Estupinan.  See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the

8

Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

5. Failure to comply with this order will result in a recommendation that this action proceed solely on plaintiff's Eighth Amendment claims against defendants Long Hang and Jorge Estupinan.

Dated:  February 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/jone2998.14o

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE EARL JONES, III,

          Plaintiff,

    v.

TEAUNA MIRANDA, et al.,

          Defendants.

No.  2: 25-cv-2998 CSK P

NOTICE OF ELECTION

Plaintiff elects to proceed as follows:

_____     Plaintiff opts to proceed with his potentially cognizable Eighth Amendment claims against defendants Long Hang and Jorge Estupinan.  Under this option, plaintiff consents to dismissal of his noncognizable tablet claim, and his noncognizable claims against defendant Teauna Miranda without prejudice.

**OR**

_____     Plaintiff opts to file an amended complaint and delay service of process.

DATED: _____        _____
                                   Plaintiff

1